## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SURENDER KUMAR, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| v. | )     Case No. CIV-26-736-J |
| | ) |
| JOSHUA JOHNSON, et al., | ) |
| | ) |
|     Respondents.[1] | ) |

## REPORT AND RECOMMENDATION

Petitioner Surender Kumar, a noncitizen,[2] seeks a writ of habeas corpus under 28 U.S.C. § 2241. Doc. 1.[3] United States District Judge Bernard M. Jones, II referred the case to the undersigned Magistrate Judge for initial proceedings under 28 U.S.C. § 636(b)(1)(B), (C). Doc. 3. The Government responded, Doc. 8, and Petitioner replied, Doc. 9. So the matter is at issue.

---

[1]    Respondent Warden Scarlet Grant is not a federal official, and the response is not filed on her behalf. *See* Doc. 8, at 1 n.1.

[2]    This Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

[3]    Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

For the reasons below, the undersigned recommends the Court grant Petitioner's habeas petition and order Respondents to immediately release Petitioner.

## I.    Factual background and procedural history.

Petitioner is a citizen of India who entered the country on April 28, 2022, without inspection. *See* Doc. 1, at 11, 19. On April 30, 2022, the Department of Homeland Security (DHS) placed him into removal proceedings by issuing a Notice to Appear (NTA) charging him as removable under § 212(a)(6)(A)(i) of the Immigration and Nationality Act (INA).[4] *Id.* Ex. 1. On May 15, 2022, DHS released him on his own recognizance. *Id.* Ex. 2.

After his release, Petitioner completed a Form I-589 Application for Asylum and Withholding of Removal. Doc. 1, at 19.[5] On March 20, 2026, Immigration and Customs Enforcement (ICE) took him into custody. *Id.*

## II.    Petitioner's claims.

---

[4]    This section is codified in the United States Code as 8 U.S.C. § 1182(a)(6)(A)(i). Section 1182(a)(6)(A)(i) provides that an alien who is present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General is ineligible to be admitted to the United States. 8 U.S.C. § 1182(a)(6)(A)(i).

[5]    The parties have not provided the Court with a copy of Petitioner's Form I-589 application.

2

Petitioner raises two grounds for relief:

Ground One: Unlawful detention in violation of the INA; and

Ground Two: Violation of the Due Process Clause of the Fifth Amendment.

Doc. 1, at 20-21. In sum, he argues he is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and his continued detention without the opportunity for a bond hearing violates the INA and his due process rights. *Id.*

Petitioner asks this Court to order Respondents to direct Respondents to respond within three days; not to remove him from this District;[6] release him or in the alternative, order Respondents to provide a bond hearing at which the Government must prove by clear and convicting evidence that he is a danger or flight risk; declare his detention unlawful; and award him reasonable attorney's fees and costs under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. *Id.* at 21-22; Doc. 9, at 7-8.

## III.    Standard of review.

An application for a writ of habeas corpus "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S.

---

[6]    The Court addressed Petitioner's requests when it ordered a response to the petition, *see* Doc. 6, and determines a hearing is not necessary.

475, 484 (1973). Habeas corpus relief is warranted only if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

"When called on to resolve a dispute over a statute's meaning," the Court should "seek[] to afford the [statute's] terms their ordinary meaning at the time Congress adopted them" and to "exhaust all the textual and structural clues bearing on the meaning." *Niz-Chavez v. Garland*, 593 U.S. 155, 160 (2021) (internal quotation marks omitted). This Court's "'sole function' is to apply the law as the Court finds it, . . . not defer to some conflicting reading the government might advance." *Id.* (internal citation omitted); *see also Oklahoma v. U.S. Dep't of Health & Hum. Servs.*, 107 F.4th 1209, 1222 n.11 (10th Cir. 2024) (stating that the court "must independently interpret the statutory phrase irrespective of the parties' positions"), *judgment vacated on other grounds*, 145 S. Ct. 2837 (2025).

IV.    **Discussion.**

A.    **Section 1226 governs Petitioner's detention.**

4

This Court should reject, as it has before, Respondents' statutory interpretation of §§ 1226(a) and 1225(b)(2)(A). *Rawal v. Figueroa,* No. CIV-26-354-J, 2026 WL 1232291, at *1 (W.D. Okla. May 5, 2026) ("This Court, and indeed most courts in this circuit and nationwide, have repeatedly concluded that § 1226(a) controls in this situation." *(citing Coreas v. Noem*, No. CIV-26-151-J, 2026 WL 541151, at *2 (W.D. Okla. Feb. 26, 2026) (collecting cases))); *see e.g., Lopez v. Corecivic Cimarron Corr. Facility,* No. 25-1175-SLP, 2026 WL 165490 at *5 (W.D. Okla. Jan. 21, 2026) (collecting cases in this judicial district concluding that § 1225(b)(2) does not govern the petitioner's detention). The Court further adopts the reasoning set forth in *Coreas*, where this Court has previously addressed, in a more detailed Order, these same issues. In doing so, the Court joins the decision reached by the vast majority of district courts in this judicial district, in district courts within the Tenth Circuit[7] and across the country[8] to have addressed the same issues as those raised by Petitioner.[9] The

---

[7]    *See, e.g., Aguilar Tanchez v. Noem,* 2026 WL 125184, at *11-12 (D. Utah Jan. 16, 2026); *Hernandez v. Baltazar*, 2025 WL 2996643, at *6 (D. Colo. Oct. 24, 2025).

[8]    *See, e.g., Lopez,* 2026 WL 165490, at *7 (collecting cases concluding that § 1226(a) is the governing statutory framework).

[9]    *But see Gutierrez Sosa v. Holt*, No. CIV-25-1257-PRW, 2026 WL 36344 at *3-5 (W.D. Okla. Jan. 6, 2026); *Montoya v. Holt*, No. CIV-235-1231-JD, 2025 WL 3733302 at *5-12 (W.D. Okla. Dec. 26, 2025).

Court's decision is also in accord with the Second Circuit, which has rejected the statutory interpretation of § 1225(b)(2) urged by Respondents. *See generally Cunha v. Freden*, --- F.4th ---, 2026 WL 1146044 (2d Cir. April 28, 2026); *see also Lopez-Campos v. Raycraft,* --- F.4th ---, 2026 WL 1283891, at *11 (6th Cir. May 11, 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami,* 2026 WL 1243395, at *22 (11th Cir. May 6, 2026); *Castañon-Nava v. U.S. Dep't of Homeland Sec.,* 2026 WL 1223250, at *21 (7th Cir. May 5, 2026); *but see Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498 (5th Cir. Feb. 6, 2026); *Avila v. Bondi*, 170 F.4th 1128, 1134-35 (8th Cir. 2026). The Court concludes that § 1226(a) governs Petitioner's detention.[10]

### B.   Petitioner is entitled to relief under § 1226(a).

When Petitioner was detained after residing in the country for over three years, he was not subject to mandatory detention under § 1225(b)(2)(A).

---

[10]   Petitioner's asylum request does not change this outcome. This Court has "declined to find" that either refusing to voluntarily depart or seeking asylum "'constitutes 'seeking admission' for purposes of this subsection.'" *Malacidze v. Noem*, No. CIV-25-1527-D, 2026 WL 227155, at *3 (W.D. Okla. Jan. 28, 2026) (quoting *Cruz-Hernandez v. Noem*, No. CIV-25-1378-D, 2026 WL 18932, at *1 (W.D. Okla. Jan. 2, 2026)); *see also Hernandez Alvarez*, 2026 WL 1243395, at *21 ("This argument fails at the gate. Section 1225(b)(2)(A) makes it clear that an applicant for admission's status as one 'seeking admission' becomes relevant upon examination by an immigration officer, which occurs *before* a § 1229a proceeding even commences." (quoting 8 U.SC § 1225(b)(2)(A)).

Instead, Petitioner is subject to § 1226, and "is entitled to a prompt bond hearing before an immigration judge [(IJ)] pursuant to § 1226(a)." *Cortes v. Holt*, No. CIV-25-1176-SLP, 2026 WL 147435, at *7 (W.D. Okla. Jan. 20, 2026); *see also Cunha,* 2026 WL 1146044, at *2 (concluding the petitioner's detention was "governed by Section 1226(a), not Section 1225(b)(2)(A)," and explaining that its holding "allows noncitizens . . . who are already present in the United States and are determined not to be a flight risk or danger to the community to be released on bond under Section 1226(a) while their removal proceedings are pending").

C.      **Petitioner is entitled to due process.**

"The Fifth Amendment's Due Process Clause forbids the Government to deprive any person of liberty without due process of law. Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Zadvydas,* 533 U.S. at 690 (internal quotation marks and alterations omitted); *cf. Trump v. J.G.G.*, 604 U.S. 670, 673 (2025) ("'It is well established that the Fifth Amendment entitles aliens to due process of law' in the context of removal proceedings." (internal quotation marks omitted)).

"The [INA] establishes procedures for removing [and detaining noncitizens] living unlawfully in the United States." *Johnson v. Guzman*

*Chavez*, 594 U.S. 523, 527 (2021); *see Johnson v. Arteaga-Martinez*, 596 U.S. 573, 578 (2022) ("The INA establishes procedures for the Government to use when removing certain noncitizens from the United States and, in some cases, detaining them."). The Government does not develop a fulsome argument in response to Petitioner's procedural due process Fifth Amendment claim and instead encourages the Court to rest its decision on the statutory interpretation question. *See* Doc. 8.

This Court analyzes Petitioner's due process claim to determine whether he has a protected liberty interest, and what process is necessary to ensure any deprivation of that liberty interest aligns with the Due Process Clause of the Fifth Amendment. *See Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989). In examining the necessary process, the Court turns to the three factors set forth in *Mathews v. Eldridge*: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." 424 U.S. 319, 335 (1976).

"When the government grants [a noncitizen] parole into the country, it creates a liberty interest intimately tied to freedom from imprisonment." *Sanchez v. LaRose*, 2025 WL 2770629, at *3 (S.D. Cal. Sept. 26, 2025); *see also Iza v. Arnott*, 2026 WL 67152, at *3 (W.D. Mo. Jan. 8, 2026) ("Individuals released on parole or other forms of conditional release have a liberty interest in their 'continued liberty.'" (quoting *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972))); *Sahil v. De Anda-Ybarra*, 2026 WL 560216, at *3 (D.N.M. Feb. 27, 2026) (finding "that noncitizens acquire a liberty interest once released from immigration detention"). Petitioner's interest in physical freedom "is the most elemental of liberty interests." *Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004); *see also Zadvydas*, 533 U.S. at 690 (stating that an individual's interest in being free from detention "lies at the heart of the liberty that [the Due Process] Clause protects"). Respondents deprived Petitioner of his protected status when they arrested him and placed him in custody.

Turning to the *Mathews* factors, the Court finds that Petitioner has a significant private interest in remaining free from detention after spending three-plus years here. To be sure, "Congress may make rules as to aliens that would be unacceptable if applied to citizens." *Demore v. Kim*, 538 U.S. 510, 522 (2003). But that power remains "subject to important constitutional

9

limitations." *Zadvydas*, 533 U.S. at 695. And it does not erase Petitioner's significant interest in remaining free from detention.

Respondents do not suggest Petitioner violated any laws while in the United States. During his release, Petitioner's interest in release grew even stronger as he worked and presumably "form[ed] the other enduring attachments of normal life." *Morrissey*, 408 U.S. at 482. The first *Mathews* factor favors Petitioner.

Second, the Court considers "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards." *Mathews*, 424 U.S. at 335. The risk of an erroneous deprivation of Petitioner's liberty interest is considerable where he was arrested without any notice of the reason, no explanation of any changed circumstances, and no hearing.

"Constitutionally inadequate notice also often leads to constitutionally inadequate opportunity to be heard, because opportunity to be heard must be meaningful to be constitutionally sufficient." *Saqib v. Andrews*, 2026 WL 350830, at *6 (E.D. Cal. Feb. 9, 2026). Petitioner received no procedural safeguards to determine whether his detention is justified, and thus Respondents detained him without any stated cause. This factor weighs in Petitioner's favor. *See, e.g.*, *E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1322

10

(W.D. Wash. 2025) ("That the Government may believe it has a valid reason to detain Petitioner does not eliminate its obligation to effectuate the detention in a manner that comports with due process."); *see also Gualpa-Lumbi v. Hoover,* 2026 WL 452351, at \*11 (N.D. Ohio Feb. 18, 2026) ("[Petitioner] was previously released and permitted to go about living for years in the United States during the pendency of his immigration proceedings before being detained in 2025. . . . [which] show[s] that [Petitioner] is at risk of being erroneously deprived of his freedom.").

Finally, the Court considers the Government's interest, including any fiscal or administrative burdens. *Mathews*, 424 U.S. at 335. "While this Court recognizes that the government has an interest in enforcing immigration laws," the government's interest in arresting Petitioner without a determination whether he posed a risk of flight or danger is low. *Saqib*, 2026 WL 350830, at \*6; *see, e.g.*, *Diaz v. Kaiser*, 2025 WL 1676854, at \*3 (N.D. Cal. June 14, 2025) ("[T[he Court concludes that the government's interest in re-detaining Petitioner . . . is 'low,' particularly in light of the fact that Petitioner[] has long complied with his reporting requirements."). And the Court can discern no significant administrative or fiscal burden associated with placing the burden on the government to follow its own laws and regulations. *See, e.g.*, *Iza,* 2026 WL 67152, at \*3 ("An alien's opportunity to be heard regarding the

11

revocation of his parole is only meaningful if the government comports with its own internal standards regarding parole revocation."). Especially given that Petitioner's detention was not deemed necessary for three years.

### D.   Remedy.

Habeas is "a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008). "The typical remedy for such detention is, of course, release." *Id.*; *see also Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 107 (2020) ("Habeas has traditionally been a means to secure release from unlawful detention."). Federal district courts have broad equitable powers to craft habeas relief. *Burton v. Johnson*, 975 F.2d 690, 693 (10th Cir. 1992). District courts have the power and authority to dispose of habeas corpus matters "as law and justice require." 28 U.S.C. § 2243.

The undersigned recommends that Petitioner's continuing due process violation requires his immediate release subject to the same conditions of his earlier release. *See* Doc. 9, at 5-8. This view is shared by numerous courts across the country, including courts in this Circuit.[11]

---

[11]   *See Ewere v. Cerna,* No. CIV-26-320-SLP, 2026 WL 1207088, at *1-2 (W.D. Okla. May 4, 2026) (ordering Petitioner's "immediate release" for due process violation and denial of a bond hearing); *Singh v. Noem*, 2026 WL 766228, at *10 (D.N.M. Mar. 18, 2026) ("Petitioner's . . . release is required to remedy the ongoing due process violation caused by Petitioner being detained while his conditional parole has not yet been terminated."); *Velasquez Montillo*

Further, there is "mounting evidence" that bond hearings in Immigration Court have preordained outcomes. *See* Doc. 9, at 5-6, 6 n.3; *Singh v. Valdez*, 2026 WL 890240, at \*5 (D. Colo. Apr. 1, 2026) ("As a result, courts across the country have, with increasing frequency, ceased 'order[ing] even initial bond hearings . . . involving unlawful detention under § 1225(b) because Respondents' conduct can no longer be attributed to mere negligence or ineptitude, . . . and doing so would effectively allow the Government to transform an unlawful detention into a lawful one through *post-hoc* justifications.'" (quoting *Zheng v. Rokosky*, 2026 WL 800203, at \*11 (D.N.J.

---

*v. Brooksby*, 2026 WL 592355, at \*10 (D. Utah Mar. 3, 2026) (concluding immediate release was the appropriate remedy where "there has been no notice of a change in circumstances requiring modification of the November 2021 [order of release on recognizance]"); *Vielma Uzcategui v. Brooksby*, 2026 WL 622751, at \*13 (D. Utah Mar. 5, 2026) (same as to petitioner ordered released on her own recognizance in September 2023); *Murzi v. Noem*, 2026 WL 395111, at \*2 (D. Colo. Feb. 12, 2026) (ordering petitioner's immediate release where petitioner had previously been released on parole).

13

Mar. 23, 2026) (collecting cases)).[12] Given this reality, the Court recommends

Petitioner's immediate release.[13]

---

[12]   *See, e.g., Zheng,* 2026 WL 800203, at \*6 (ordering immediate release after "IJ erroneously stated that she lacked jurisdiction in direct defiance of [the] Court's Order, failed to provide any explanation whatsoever for her supposed alternative holding that Petitioner is a flight risk, and by all appearances acted as a 'mere rubber-stamp'. . . for Respondents' predetermined decision to deny bond"); *Montero-Martinez v. Mattos*, 2026 WL 674497, at \*1–2 (D. Nev. Mar. 9, 2026) (ordering release after petitioner's due process rights were violated when his bond was "revoked based on materially false information" regarding his criminal record); *Miri v. Bondi*, 2026 WL 622302, at \*9 (C.D. Cal. Mar. 5, 2026) (ordering release after finding IJ abused its discretion in denying bond where they "did not explain the reasons for denying Miri's bond and the record does not establish that the [IJ] relied on the appropriate factors"); *Rodriguez v. Greene*, 2026 WL 574961, at \*12 (N.D. Ohio Mar. 2, 2026) (finding due process violation where "the IJ's decision . . . contain[ed] zero reference to any record or arguments put forth by either party," denied bond "exclusively on jurisdictional grounds," and held in the "alternative" that the petitioner was a danger to the community and a flight risk "without supplying any reasoning [as to] how the IJ came to such a conclusion").

[13]   Should the Court determine a bond hearing is the appropriate remedy, the undersigned recommends that, given Petitioner's prolonged detention under the incorrect statute, the Court should find that it is more appropriate for the government to bear the burden of proof in this context. *See, e.g.*, *Garcia Cortes v. Noem*, 2025 WL 2652880, at \*5 (D. Colo. Sept. 16, 2025) (citing *L.G. v. Choate*, 744 F. Supp. 3d 1172, 1185 (D. Colo. 2024)). "Freedom from imprisonment . . . lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas*, 533 U.S. at 690. Under these circumstances, the government ought to bear the burden of proving that Petitioner poses a danger to the community or a risk of flight such that he should remain in detention. The clear and convincing standard that generally "applies to civil detention where liberty is at stake" is appropriate here as well. *See L.G.*, 744 F. Supp. 3d at 1186 (first citing *United States v. Salerno*, 481 U.S. 739, 751 (1987), and then citing *Addington v. Texas*, 441 U.S. 418, 433 (1979)).

14

## V.    Recommendation and notice of right to object.

For the reasons set forth above, the undersigned recommends the Court

- grant Petitioner's habeas petition and order his immediate release or in the alternative, order a bond hearing to be held within five days at which the Government bears the burden of proving, by clear and convincing evidence, that Petitioner is a flight risk and a danger to the community;

- **Order the Government to certify compliance by filing a status report within ten business days of the Court's order**, and to promptly provide a copy of this order to Counsel for the Warden of the Cimarron Correctional Facility; and

- Order that Respondents cannot re-detain Petitioner without notice and a pre-deprivation hearing before a neutral decision-maker where the government nears the burden of proving, by clear and convincing evidence that Petitioner is a flight risk and a danger to the community.[14]

---

[14]    To the extent that Petitioner may be entitled to EAJA fees and costs as a prevailing party, Petitioner must seek those separately after a final judgment. 28 U.S.C. § 2412(d)(1)(B); *see also Daley v. Ceja*, 158 F.4th 1152, 1166 (10th Cir. 2025) (interpreting "EAJA's broad language to unambiguously authorize fees in habeas actions challenging immigration detention").

The undersigned advises the parties of their right to file an objection to this Report and Recommendation with the Clerk of this Court by May 18, 2026, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72.[15] The undersigned further advises the parties that failure to make timely objections to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). This Report and Recommendation disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

     **ENTERED** this 14th day of May, 2026.

 

                     SUZANNE MITCHELL
                     UNITED STATES MAGISTRATE JUDGE

---

[15]     Given the expedited nature of these proceedings, the undersigned has reduced the typical objection time to this Report and Recommendation to three days. *See* Fed. R. Civ. P. 72(b)(2) advisory committee's note to 1983 addition (noting that rule establishing 14-day response time "does not extend to habeas corpus petitions, which are covered by the specific rules relating to proceedings under Sections 2254 and 2255 of Title 28."); *see also Whitmore v. Parker,* 484 F. App'x 227, 231, 231 n.2 (10th Cir. 2012) ("The Rules Governing § 2254 Cases may be applied discretionarily to habeas petitions under § 2241" and that "while the Federal Rules of Civil Procedure may be applied in habeas proceedings, they need not be in every instance – particularly where strict application would undermine the habeas review process.").