**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

SURENDER KUMAR,                           )
                                          )
            Petitioner,                   )
                                          )
v.                                        )        Case No. CIV-26-736-J
                                          )
JOSHUA JOHNSON, et al.,                   )
                                          )
            Respondents.                  )

**ORDER**

Petitioner Surender Kumar, a citizen of India, is currently in the custody of Immigration and Customs Enforcement (ICE).  He has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 seeking release, or in the alternative, a bond hearing [Doc. No. 1].  The matter was referred to United States Magistrate Judge Suzanne Mitchell who issued a Report and Recommendation [Doc. No. 10] recommending that the Court:  (1) grant the Petition by ordering Petitioner's immediate release or in the alternative, ordering Respondents to provide Petitioner a bond hearing under 8 U.S.C. § 1226(a) within five business days, at which Respondents bear the burden of proof, by clear and convincing evidence that Petitioner is a flight risk or danger to the community, or otherwise release Petitioner if he has not received a lawful bond hearing within that period; (2) order Respondents to certify compliance by filing a status report within ten business days of the Court's order; and (3) order that Respondents cannot re-detain Petitioner without notice and a pre-deprivation hearing before a neutral decision-maker where the Respondents bears the burden of proof, by clear and convincing evidence that Petitioner is a flight risk and a danger to the community.  Respondents filed a timely Objection [Doc. No. 11], triggering de novo review, *see* Fed. R. Civ. P. 72(b)(3); *Quint v. Vail Resorts, Inc.*, 89 F.4th 803, 808 (10th Cir. 2023).

Petitioner is a citizen of India who entered the United States on April 28, 2022, without admission or inspection.  On April 30, 2022, the Department of Homeland Security (DHS) placed him into removal proceedings by issuing a Notice to Appear charging him as removable.  On May 15, 2022, DHS released him on his own recognizance.  After his release, Petitioner completed an application for asylum and withholding of removal.  On March 20, 2026, ICE took him into custody.

Respondents object to Judge Mitchell's conclusion that § 1226(a) controls Petitioner's detention.  Respondents contend that § 1225(b)(2)(A) controls because Petitioner is an applicant for admission and that section unambiguously requires all applicants for admission to be subject to mandatory detention.  *See* Obj. at 1-2.  Although employing a de novo review, the Court declines to engage in lengthy analysis here.[1]  This Court, and indeed most courts in this circuit and nationwide, have repeatedly concluded that § 1226(a) controls in this situation.  *See Coreas v. Noem*, No. CIV-26-151-J, 2026 WL 541151, at *2 (W.D. Okla. Feb. 26, 2026) (collecting cases).  Unless the Tenth Circuit and/or Supreme Court hold differently, the matter is well settled in this Court and further discussion is unwarranted.

Respondents further assert that if the Court adopts its prior statutory reasoning, it need not consider Petitioner's due process claim.  The Court agrees.  Because the Court's finding that Respondents violated the Immigration and Nationality Act results in the same relief that is

---

[1] "[N]either 28 U.S.C. § 636(b)(1) nor Fed. R. Civ. P. 72(b) requires the district court to make any specific findings; the district court must merely conduct a de novo review of the record."  Garcia v. City of Albuquerque, 232 F.3d 760, 766 (10th Cir. 2000).  Indeed, the circuit court has upheld district court orders which "merely repeated the language of § 636(b)(1) to indicate its [de novo] compliance."  In re Griego, 64 F.3d 580, 584 (10th Cir. 1995) ("[I]t is common practice among district judges in this circuit to make such a statement and adopt the magistrate judges' recommended dispositions when they find that magistrate judges have dealt with the issues fully and accurately and that they could add little of value to that analysis.").

requested through Petitioner's due process claim, the Court finds there is no need to address Petitioner's due process claim.

Finally, with respect to Judge Mitchell's conclusion that "at Petitioner's bond hearing, the government should bear the burden to prove by clear and convincing evidence that he is either a flight risk or a danger to the community to justify continued detention", *see* [Doc. No. 14] at 18, the Court finds that this issue is premature and not fit for adjudication at this stage. A claim is not ripe for adjudication if it rests upon "'contingent future events that may not occur as anticipated, or indeed may not occur at all.'" *Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568, 580–581 (1985) (quoting 13A C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure § 3532 (1984)). At this point in time, no immigration judge has conducted a bond hearing in Petitioner's case, much less allocated the burden of proof or applied the particular facts of this case to that evidentiary framework. Accordingly, the Court declines to issue an advisory opinion instructing the Immigration Judge to apply a particular burden of proof. *See Jalloh v. Garland*, No. CIV-22-908-R, 2023 WL 3690252, at *2 (W.D. Okla. May 26, 2023) (declining to prospectively order Immigration Judge to adhere to specific burden of proof at bond hearing); *Bolus A. D. v. Sec'y of Homeland Sec.*, 376 F. Supp. 3d 959, 963 (D. Minn. 2019).

Accordingly, the Report and Recommendation [Doc. No. 14] is ADOPTED IN PART and Petitioner's Petition for Writ of Habeas Corpus is GRANTED in so far as it finds Respondents violated the Immigration and Nationality Act. The Court, therefore, ORDERS Respondents to provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) within five (5) business days of the date of this Order, or otherwise release Petitioner if he has not received the hearing within that period. Respondents shall certify compliance within ten (10) business days of the date of this Order.

3

A separate judgment will enter.

IT IS SO ORDERED this 28th day of May, 2026.

_____
BERNARD M. JONES, II
UNITED STATES DISTRICT JUDGE