**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| SURENDER KUMAR, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-26-736-J |
| | ) | |
| JOSHUA JOHNSON, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER**

Before the Court is Petitioner's Motion to Enforce Judgment and, in the Alternative, for Reconsideration [Doc. No. 18]. Respondents have filed a response [Doc. No. 22]; Petitioner has filed a reply [Doc. No. 24], and Respondents have filed a supplemental response [Doc. No. 25].[1]

Petitioner Surender Kumar, a citizen of India, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. On May 28, 2026, the Court granted the Petition in so far as it finds Respondents violated the Immigration and Nationality Act and ordered Respondents to provide Petitioner with a bond hearing. *See* [Doc. Nos. 12 and 13]. That bond hearing occurred on June 3, 2026. The Immigration Judge denied bond and issued an order that same day, finding: "Respondent is pending an appeal on his denial of ASY/WH/CAT and any success on his appeal would be speculative. Further, adverse credibility and inconsistencies on behalf of the sponsor shows the Respondent is a flight risk." Order of the Immigration Judge [Doc. No. 22-1]. On June 30, 2026, the Immigration Judge issued a more detailed order [Doc. No. 22-2]. Petitioner now

[1] In Petitioner's reply, Petitioner contends, for the first time, that immediate release is appropriate because there is no evidence that Respondents issued a warrant for Petitioner's arrest. Respondents attach a copy of the warrant that was issued for Petitioner's arrest to their supplemental response.

moves the Court to find Respondents have not complied with the Court's May 28, 2026 Order and Judgment, and, in the alternative, moves for reconsideration.

Primarily relying on the Immigration Judge's June 3, 2026 order, Petitioner asserts the June 3, 2026 bond hearing was not the "bond hearing pursuant to 8 U.S.C. § 1226(a)" the Court's Judgment required. Having listened to the audio recording of the June 3, 2026 hearing [Doc. No. 20] and having reviewed the June 30, 2026 Bond Decision of the Immigration Judge [Doc. No. 22-2], the Court concludes the June 3, 2026 hearing was a substantive hearing and complied with the Court's May 28, 2026 Order and Judgment. The Immigration Judge addressed the parties' burdens and the evidence presented, made credibility determinations, and considered Petitioner's employment, the merits of Petitioner's merits appeal, and concerns he had regarding Petitioner's sponsor.

Petitioner alternatively asserts the Court should reconsider its reservation of his due process claim, which independently requires release. Specifically, Petitioner asserts the Immigration Judge's failure to conduct the hearing in compliance with 8 U.S.C. § 1226(a) and 8 C.F.R. §§ 1003.19 and 1236.1 violated his due process rights. The Court assumes, without deciding, that it would have jurisdiction to "consider any error of law in [Petitioner's] agency proceedings, including any claimed due process violation." *L.G. v. Choate*, 744 F. Supp. 3d 1172, 1178 n.12 (D. Colo. 2024) (citing *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1209 (9th Cir. 2022)). However, the Court notably lacks jurisdiction over an immigration judge's discretionary decisions. *See* 8 U.S.C. § 1226(e); *Makarevich v. Bondi*, No. 1:25-CV-01002-KG-JHR, 2025 WL 3653895, at *1 (D.N.M. Dec. 17, 2025) ("Any challenge to the IJ's bond determination seeks review of a discretionary judgment that § 1226(e) expressly bars."). As set forth above, the June 3, 2026 bond hearing complied with 8 U.S.C. § 1226(a). The Court further finds the June 3, 2026 bond hearing

complied with 8 C.F.R. §§ 1003.19 and 1236.1. In light of this compliance, the Court finds the hearing did not violate Petitioner's due process rights.

Accordingly, the Court DENIES Petitioner's Motion to Enforce Judgment and, in the Alternative, for Reconsideration [Doc. No. 18].

IT IS SO ORDERED this 27th day of August, 2026.

BERNARD M. JONES, II
UNITED STATES DISTRICT JUDGE